UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEE ANDREW STEELE, JR. (#180309)**  CIVIL ACTION

**VERSUS**

**S. DUNCAN, ET AL.**  NO. 09-0998-JJB-CN

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEE ANDREW STEELE, JR. (#180309)**                          CIVIL ACTION

**VERSUS**

**S. DUNCAN, ET AL.**                                         NO. 09-0998-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Burl Cain, rec.doc.no. 12, and the Motion for Partial Summary Judgment of defendants A. Boeker, J. Hooks, A. McCoy, Dr. Roundtree, Terry Sharp, James Summers and M. Thomas, rec.doc.no. 13.  The latter motion is opposed, but only in part, as the plaintiff indicates that he has no objection to the dismissal of defendants A. Boeker, James Summers and J. Hooks from this proceeding.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against S. Duncan, Lt. Reid, Capt. Sharp, Nurse J. Hooks, E.M.T. James Summers, E.M.T. A. Boeker, E.M.T. M. Thomas, E.M.T. A. McCoy and Warden Burl Cain, complaining that his constitutional rights were violated on December 29, 2008, on which date he was issued a false and retaliatory disciplinary report by defendant Duncan, accusing the plaintiff of committing a sex offense.[1]  On the same date, the plaintiff

---

[1]     An attempt by the United States Marshal's Office to serve defendant S. Duncan has proven unsuccessful because the Louisiana Department of Public Safety and Corrections has not accepted service on behalf of this defendant.  Specifically, the Department asserts that there are multiple persons named S. Duncan employed by the Department, and accordingly, the Department is unwilling to accept service on this defendant's behalf without additional information.  See rec.doc.no. 6. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of

was allegedly subjected to excessive force by defendants Sharp and Reid.[2] Upon being thereafter escorted to the infirmary by defendant Reid (with his handcuffs too allegedly too tight), the plaintiff was seen by defendant E.M.T. Boeker but voiced no complaints at that time, "for fear of further abuse, harassment or retaliation." The plaintiff was then escorted to an administrative segregation cell but was not allowed to shower for approximately one hour, resulting in pain and discomfort. In addition, the plaintiff asserts that although he made many requests for medical treatment after the date of the incident, he was provided with inadequate care by defendants Nurse Hooks, Dr. Roundtree, and E.M.T.s Boeker, McCoy, Thomas and Summer. Finally, the plaintiff complains that, as a result of the incident of December 29, 2008, legal and personal property which was in his cell was discarded by defendant Sharp, and a lawsuit which the plaintiff had pending in federal court was dismissed because he was allegedly unable to adequately respond to a motion for summary judgment.

Addressing first the defendants' Motion for Summary Judgment, rec.doc.no. 13, the moving defendants assert, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon, that the plaintiff has failed to exhaust administrative remedies relative to all of his claims asserted against defendants Boeker, Hooks, McCoy, Roundtree, Summers and Thomas, and has failed to exhaust administrative

---

commencement of an action is cause for dismissal of the defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendant s. Duncan, be dismissed, without prejudice, for failure of the plaintiff to timely effect service.

[2] Defendant Lt. Reid has not joined in the instant motion, and defendant Capt. Sharp does not here seek dismissal of the plaintiff's claim of excessive force asserted against him.

remedies relative to his claim asserted against defendant Sharp of property destruction and of interference with access to the courts. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the administrative grievance which the plaintiff identified in his Complaint as the grievance which relates to the claims asserted herein, it appears that the defendants' motion is well-taken. In that grievance, the plaintiff complained that he was falsely charged with a disciplinary violation by defendant Duncan on December 29, 2008, and was thereafter subjected to excessive force by defendants Sharp and Reid. The plaintiff makes no mention whatever in the grievance of defendants Hooks, McCoy, Roundtree, Summers and Thomas, makes no assertion whatever relative to deficient medical care provided by defendant Boeker (or any other defendant) on that date or thereafter,[3] and makes no

---

[3] Although the plaintiff mentions defendant E.M.T. Boeker in the referenced grievance, the sole assertion made therein is that the plaintiff was seen by this defendant on December 29, 2008, after the use of irritant spray, but voiced no complaints whatever at that time. Accordingly, the plaintiff's grievance may not be interpreted as making a claim of deficient medical care as to this defendant because the defendant cannot be faulted for failing to treat or address complaints that the plaintiff was unwilling to voice.

assertion whatever relative to the destruction of his legal and personal property by defendant Sharp and the resulting dismissal of the plaintiff's civil case pending in federal court. Accordingly, it appears clear that the plaintiff has failed to exhaust administrative remedies relative to these claims asserted against these defendants and that the Motion for Partial Summary Judgment, rec.doc.no. 13, should be granted, dismissing defendants Boeker, Hooks, McCoy, Roundtree, Summers and Thomas from these proceedings and dismissing the plaintiff's claims asserted against defendant Sharp of property destruction and interference with access to the courts.

Although the plaintiff asserts, in his opposition to the defendants' motion, that he filed two subsequent administrative grievances and there raised his claims against defendants McCoy and Thomas, his assertion in this regard fails. Specifically, not only did he not attach as exhibits copies of the grievances which he purported to possess, but he conceded that the grievances had not been exhausted at the time of filing of his Complaint, which is a prerequisite for exhaustion under 42 U.S.C. § 1997e. Further, with regard to defendant Sharp, the plaintiff has conceded that he failed to exhaust administrative remedies relative to his claim of property destruction and interference with access to the courts, but asserts as an excuse that he did not learn of defendant Sharp's actions until shortly before the filing of his Complaint. This excuse is not legally tenable and does not alter the Court's conclusion that the plaintiff failed to comply with 42 U.S.C. § 1997e relative to this claim.

Turning to the motion to dismiss of defendant Burl Cain, rec.doc.no. 12, a claim is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails "to state a claim upon which relief can be granted." In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Applying the above standard, defendant Cain seeks dismissal of the plaintiff's claims asserted against him, contending that the plaintiff has failed to state a claim of constitutional dimension. The Court finds that the defendant's motion in this regard is well-taken. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that defendant Cain is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the instant case, upon a review of the plaintiff's Complaint, it appears that the plaintiff makes no allegation that defendant Cain has taken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no assertion that defendant Cain participated directly or personally in the incidents of December 29, 2008, or had any involvement with the

plaintiff's disciplinary proceedings or medical care thereafter. The sole allegation which the plaintiff makes against Warden Cain is that the plaintiff addressed correspondence to this defendant inquiring about obtaining his legal and personal property. This assertion does not state a claim of personal participation by defendant Cain in the events alleged. Accordingly, it is clear that the plaintiff has failed to allege the requisite personal participation by this defendant in the violations alleged and that the defendant is therefore entitled to dismissal from this proceeding.

RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendant S. Duncan be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the motion for partial summary judgment, rec.doc.no. 13, be granted, dismissing all of the plaintiff's claims asserted against defendants A. Boeker, J. Hooks, A. McCoy, Dr. Roundtree, James Summers and M. Thomas, and dismissing the plaintiff's claims of property destruction and interference with access to the courts asserted against defendant Terry Sharp for failure of the plaintiff to exhaust administrative remedies relative to these claims pursuant to 42 U.S.C. § 1997e. It is further recommended that the motion to dismiss of defendant Burl Cain, rec.doc.no. 12, be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, for failure of the plaintiff to state a claim upon which relief may be granted as to this defendant, and that this matter be referred back for further proceedings in connection with the plaintiff's claim of excessive

force asserted against defendants Terry Sharp and Clinton Reid in the defendants' individual capacities.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2010.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**